# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III, <br><br> Plaintiff, <br><br> v. <br><br> GIBSON, et al., <br><br> Defendants. | Case No.: 1:18-cv-00608-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 24) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Relmon H. Davis, III is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was initiated on August 28, 2015, in the United States District Court for the Central District of California. (ECF No. 1.) On November 30, 2015, Plaintiff's application to proceed *in forma pauperis* was denied and the case was dismissed after the Central District screened Plaintiff's complaint and concluded that Plaintiff's claims were legally frivolous. (ECF No. 4, at 2–3.) Plaintiff appealed, and, on November 21, 2016, the Ninth Circuit Court of Appeals reversed and remanded the case on the grounds that it was "not absolutely clear that the deficiencies in the complaint . . . could not be cured by amendment." (ECF No. 10, at 2.) The mandate was issued on December 13, 2016. (ECF No. 12.)

///

1

Accordingly, on December 19, 2016, the Central District re-opened this case and granted Plaintiff leave to file a first amended complaint within 30 days of the date of the order. (ECF No. 13.) On January 9, 2017, Plaintiff filed a first amended complaint. (ECF No. 14.) On May 1, 2018, this action was transferred to the Eastern District. (ECF No. 20.)

On April 23, 2019, this Court screened Plaintiff's first amended complaint and found that Plaintiff had failed to state a cognizable claim for relief. (ECF No. 23.) Plaintiff was provided with the legal standards that applied to his claims and granted leave to amend. (Id.)

Plaintiff's second amended complaint, filed on May 22, 2019, is currently before the Court for screening. (ECF No. 24.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.      Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California Correctional Institution in Tehachapi, California. Plaintiff alleges that the events at issue took place at California State Prison, Corcoran ("CSP-COR"). Plaintiff names the following defendants: (1) Warden Dave Davey; (2) 3B Law Librarian Jane Doe; (3) Principal B. Van Klaveren; (4) Senior Librarian Eric Bender; (5) Deputy Warden/Appeals Reviewer M. Sexton; (6) Appeals Examiner K. J. Allen; (7) Government Claims Board VCGCB; and (8) Corcoran State Mailroom Staff John Doe 1.

Plaintiff alleges as follows:

Claim I: On July 4, 2013, Plaintiff mailed out a Certificate of Appealability to the Ninth Circuit Court of Appeals and to the United States District Court for the Central District of California. Constructive filing of the mailing and date was verified in a 119 card and a CDCR 22 form. The Ninth Circuit Court of Appeals did not receive the Certificate of Appealability. Plaintiff asserts that "[t]here was also a second mailing[,]" but "the second mailing was also not received by the circuit court." (ECF No. 24, at 3-4.) Plaintiff further states that his habeas petition discussed the use of false prison prisoners and discrepancies in his sentence, prosecutorial misconduct, judicial misconduct, and jury misconduct.

Claim II: Plaintiff asserts that the Government Claims Board failed to follow its own guidelines in the acceptance of a claim "naming a date less than one year old." (Id. at 4.) Plaintiff's claim named a filing date of August 17, 2014 and was filed with the Board, but the date was ignored. Plaintiff further asserts that: "The claim was long received, in October, naming the filing date and date of incident when false legal advisory was issued to file a claim as no claim had been filed, the date, December 3, 2013, of false legal advisory was corrected only to deny the prisoner review no fault or deficiency in part by the prisoner." (Id. at 4-5.) Plaintiff claims that the Government Claims Board failed to respond on time and filed the claim late on September 3, 2014. Plaintiff states that the

///

deadline to file was August 26, 2014 and the papers were filed August 17, 2014. The date his August papers were served was detailed in the claim filed with the Government Claims Board.

<u>Claim III</u>: Plaintiff asserts that the "Sacramento Chief Inmate Appeals" failed to decide his 602 appeal on the merits and issues named in the appeal. Plaintiff states that he discussed two attempts to receive copies via a new mail-out procedure requiring five business days for review of an inmate's petition. The five-day period lapsed twice and twice the petition was reviewed, case number present for deadline verification. Plaintiff states that he completed the excess copy request.

Further, Plaintiff claims that "TLR" (or Third Level Review) staff gave a false legal advisory in the original copy to the Government Claims Board for review. The Government Claims Board does not return any copies of any documents. "TLR staff" delayed the review and Plaintiff's opportunity to file a claim with the Government Claims Board. Plaintiff states that he "could not file without any original document copies as the 602 process does not allow copies and requires original papers." (<u>Id.</u> at 6.)

<u>Claim IV</u>: Plaintiff asserts that, from July 1st through the 9th, 2013, he requested to go to the 3B law library because he had a legal deadline of July 15, 2013. However, Plaintiff was moved from cell to cell and summoned to attend G.E.D. class instead. Plaintiff was not allowed to go to the law library before the July 15, 2013 deadline. Inmates were not allowed to go to the yard during this time period.

Then, on August 14, 2013, Plaintiff was told that he was denied copies. Plaintiff states that he provided the deadline and case number, completed the excess copies request, and was given the guidelines of the petition for review for copies process. Plaintiff asserts that he also notified the law librarian of the fact that he needed to send an opening brief with the petition, as the Certificate of Appealability had been filed on July 4 and 9, 2013.

Plaintiff states that prisoner legal mailings are tracked by case number via computer. All deadlines and filings can be viewed by mailroom staff and law library staff. Plaintiff claims that he was erroneously denied copies, access to the law library, and services. Plaintiff asserts that he was also denied mail out of the before named petition.

As relief, Plaintiff seeks compensatory damages in excess of $457,015.000.

4

**III.  Discussion**

   **A.  Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

In this case, while Plaintiff's complaint is short, it is not a plain statement of his claims. Most of Plaintiff's allegations are vague and conclusory statements unsupported by any facts. Instead of alleging facts, Plaintiff has appended 23 pages of exhibits to his complaint, apparently anticipating that the Court would cull through the exhibits to find the facts in support of his allegations. However, Plaintiff must state all of his factual allegations in the body of his complaint. As currently pled, Plaintiff's second amended complaint does not contain enough factual content to permit the Court to draw the reasonable inference that any named Defendant is liable for the misconduct alleged against them. Iqbal, 556 U.S. at 678. Plaintiff has been previously informed that he must state a plain statement of his facts, which must be full and complete.

   **B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff does not adequately link Defendants Davey, 3B Law Librarian Jane Doe, Van Klaveren, Bender, Sexton, Allen, and Corcoran State Mailroom Staff John Doe 1 to any deprivation of his constitutional rights. While Defendants Davey, Jane Doe, Van Klaveren, Bender, Sexton, Allen, and John Doe 1 are named as defendants in Plaintiff's second amended complaint, the second amended complaint does not contain any factual allegations asserting what Defendants Davey, Jane Doe, Van Klaveren, Bender, Sexton, Allen, and/or John Doe 1 did, or did not do, that violated Plaintiff's constitutional rights. Therefore, Plaintiff has failed to allege any cognizable claim against Defendants Davey, 3B Law Librarian Jane Doe, Van Klaveren, Bender, Sexton, Allen, and Corcoran State Mailroom Staff John Doe 1.

### C. Supervisory Liability

To the extent that Plaintiff seeks to hold Defendant Davey, or anyone else, liable based solely on his supervisory role as Warden, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior, or vicarious liability. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

In this case, Plaintiff's complaint fails to allege facts demonstrating that Defendant Davey participated in, or directed, any violations of Plaintiff's constitutional rights, knew of any violations of Plaintiff's constitutional rights and failed to act to prevent them, or implemented a policy so deficient that the policy itself is the moving force of the violation of Plaintiff's constitutional rights. Therefore, the only basis for a claim against Defendant Davey is respondeat superior, which is prohibited under § 1983. Consequently, Plaintiff has failed to state a cognizable supervisory liability claim against Defendant Davey.

### D. Eleventh Amendment Immunity

In Claim II, Plaintiff alleges that Defendant Government Claims Board violated his right to due process when Defendant Government Claims Board failed to accept his timely-filed government claim, assigned Plaintiff's claim a false late filing date, and improperly refused to review the merits of Plaintiff's government claim. However, the California Victim Compensation and Government Claims Board cannot be sued for damages in federal court because it is a state agency and, therefore, is entitled to Eleventh Amendment immunity. Duran v. Tinetti, No. 1:12-cv-01606-GSA (PC), 2013 WL 322514, at *2 (E.D. Cal. Jan. 28, 2013) (stating the California Victim Compensation and Government Claims Board was immune from suit as an agency of the State of California); Brown v. California, No. CIVS04-1650WBS CMK, 2005 WL 3370728, at *2 (E.D. Cal. Dec. 9, 2005) (stating that the California Victim Compensation and Government Claims Board are immune from suit pursuant to the Eleventh Amendment). Consequently, Plaintiff's claims for monetary damages against Defendant Government Claims Board must be dismissed.

**E. Denial of Access to the Courts**

Prisoners have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access is grounded in the First and Fourteenth Amendments. Silva v. Di Vittorio, 658 F.3d 1090, 1101–02 ("Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."); Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995) ("The right of access is grounded in the Due Process and Equal Protection Clauses.").

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In order to allege a violation of the right to access the courts, an inmate must demonstrate that he suffered an actual injury by pleading facts showing "actual prejudice with respect to contemplated or existing [non-frivolous] litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996). The injury requirement is not "satisfied by just any type of frustrated legal claim." Id. at 354–55. It is only satisfied if an inmate is denied access with regard to direct criminal appeals, habeas corpus petitions, and civil actions brought pursuant to 42 U.S.C. § 1983. Id. "Failure to show that a 'nonfrivolous legal claim ha[s] been frustrated' is fatal" to a denial of access to the courts claim. Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

1. Claim I

In Claim I, Plaintiff alleges that his right to access the courts was violated when the Ninth Circuit Court of Appeals did not receive the certificate of appealability that Plaintiff mailed to the Ninth Circuit on July 4, 2013. Plaintiff also asserts that, even though there was a "second mailing," the Ninth Circuit Court of Appeals did not receive the "second mailing" either. (ECF No. 24, at 3-4.) Plaintiff states that his habeas petition raised claims regarding false prison priors and other sentencing discrepancies, judicial misconduct, prosecutorial misconduct, and jury misconduct.

Here, Plaintiff has not identified which of the named Defendants allegedly interfered with his right to access the courts by somehow ensuring that the Ninth Circuit Court of Appeals did not receive

Plaintiff's certificate of appealability. Further, Plaintiff has failed to allege any facts showing that he suffered any actual prejudice with respect to any contemplated or existing non-frivolous habeas corpus petition as a result of the Ninth Circuit Court of Appeals not receiving either Plaintiff's certificate of appealability mailed out on July 4, 2013 or the "second mailing." To the extent that Plaintiff is alleging that he suffered any actual prejudice with respect to Ninth Circuit Court of Appeals Case No. 13-56643, the Ninth Circuit Court of Appeals' October 28, 2013 order, which is attached as an exhibit to Plaintiff's second amended complaint, states that Plaintiff's request for a certificate of appealability from an adverse judgment rendered in a federal petition for writ of habeas corpus was denied because the notice of appeal was not timely filed, not because the Ninth Circuit never received Plaintiff's certificate of appealability. (ECF No. 24, at 15-16, 18.) Therefore, Plaintiff has not stated a cognizable claim for a denial of his constitutional right to access the courts.

2. Claim III

In Claim III, Plaintiff alleges that his constitutional right to access the courts was violated when Third Level of Review staff members delayed reviewing Plaintiff's administrative appeal, which delayed Plaintiff's opportunity to file a government claim with the Victim Compensation and Government Claims Board.

Here, Plaintiff has not identified which of the named Defendants allegedly interfered with his right to access the courts by delaying the review of Plaintiff's administrative appeal. Further, Plaintiff has failed to allege any facts demonstrating that he has suffered any actual prejudice with respect to any contemplated or existing non-frivolous state tort claims as a result of the delayed review of Plaintiff's administrative appeal, which caused Plaintiff to be delayed in filing a government claim with the Victim Compensation and Government Claims Board. See Lewis v. Deems, No. 14-cv-03324-HSG (PR), 2015 WL 5738985, at *2 (N.D. Cal. Oct. 1, 2015) (stating that "the ability to file claims with the [California Victim Compensation and Government Claims] Board implicates access to the courts because the California [Government] Claims Act … requires a plaintiff to present a written claim to the Board within six months of the accrual of the action before a plaintiff may maintain any [state tort claims] for damages against a public employee[]"). Therefore, Plaintiff has not stated a cognizable claim for a denial of his constitutional right to access the courts.

9

3. Claim IV

In Claim IV, Plaintiff alleges that his constitutional right to access the courts was denied when he was denied access to the 3B law library from July 1 through 9, 2013, when he was moved from cell to cell and summoned to attend G.E.D. class rather than go to the law library, when he was denied copies, and when he was denied "mail out" of a petition.

Here, Plaintiff has not identified which of the named Defendants allegedly interfered with his right to access the courts by denying him access to the law library, moving him from cell to cell, summoning him for G.E.D. class, denying his copy requests, and denying him "mail out" of a petition. Further, Plaintiff has failed to allege any facts showing that he suffered any actual prejudice with respect to any contemplated or existing non-frivolous habeas corpus petition, direct criminal appeal, or § 1983 civil rights action as a result of being denied access to the law library for nine days, being moved from one cell to another, being denied copies, and/or being denied "mail out" of a petition. To the extent that Plaintiff is alleging that he suffered any actual prejudice with respect to Ninth Circuit Court of Appeals Case No. 13-56643, the Ninth Circuit Court of Appeals' October 28, 2013 order, which is attached as an exhibit to Plaintiff's second amended complaint, clearly states that Plaintiff's request for a certificate of appealability from an adverse judgment rendered in a federal petition for writ of habeas corpus was denied because the notice of appeal was not timely filed. (ECF No. 24, at 15-16, 18.) Plaintiff has not alleged that his notice of appeal was untimely filed because he was denied access to the law library in July 2013, he was denied copies, and/or he was denied "mail out" of a petition.

Therefore, Plaintiff has not stated a cognizable claim for a denial of his constitutional right to access the courts.

**F.     Inmate Appeal/Grievance Process**

Plaintiff cannot impose liability against Defendants Allen, Sexton, Davey, and any other named Defendant based on their handling, processing, and denial of Plaintiff's inmate appeals. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have

protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### IV. Conclusion, Order, and Recommendation

Based on the foregoing, Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being previously notified of the pleading and legal standards applicable to his claims, Plaintiff's second amended complaint is substantially similar to Plaintiff's original and first amended complaints. Based upon the allegations in Plaintiff's original, first amended, and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts to support his claims, and that further amendment would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Hence, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

11