UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIBSON, et al.,<br><br>　　　　　Defendants. | No.  1:18-cv-00608-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITH PREJUDICE<br><br>(Doc. No. 25.) |

　　　　Plaintiff Relmon H. Davis, III is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 1, 2019, the assigned magistrate judge issued findings and recommendations, recommending dismissal of this action with prejudice due to plaintiff's failure to state a cognizable claim upon which relief may be granted.  (Doc. No. 25.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 11.)  After being served by mail at his address of record, on November 15, 2019, the findings and recommendations were returned to the court by the U.S. Postal Service marked as "Undeliverable, Refused by Inmate."

/////

On January 27, 2020, plaintiff filed a motion for expedited review of his second amended complaint. (Doc. No. 26.) On January 29, 2020, the magistrate judge denied plaintiff's motion for expedited review as moot, because the magistrate judge had already screened plaintiff's second amended complaint and recommended dismissal of it in the November 1, 2019 findings and recommendations. (Doc. No. 27.) Additionally, the magistrate judge directed the Clerk of the Court to re-serve those findings and recommendations on plaintiff and granted plaintiff an additional fourteen days from the date of re-service, to file written objections to the findings and recommendations. (*Id.* at 2.) On February 14, 2020, the court received plaintiff's written objections to the findings and recommendations, with a proof of service indicating that they were delivered to prison officials for mailing on February 5, 2020. (Doc. No. 29.)[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiffs objections do not address the deficiencies present in his second amended complaint. Central in that regard is that the allegations of the second amended complaint "are vague and conclusory statements unsupported by any facts" (Doc. No. 25 at 5) and fail to "adequately link [the defendants] to any deprivation of his constitutional rights" (*id.* at 6). In his objections, plaintiff simply reiterates his conclusory statements and fails to explain how the named defendants have caused the harms alleged. Plaintiff's most specific argument is that his claims should be "construed as denial of legal services and access to the courts." (Doc. No. 29 at 2.) The findings and recommendations addressed plaintiff's claims of denial of access to the courts, concluding that "[p]laintiff has not identified which of the named [d]efendants allegedly interfered with his right to access the courts" and "[p]laintiff has not stated a cognizable claim for a denial of his constitutional right to access the courts." (Doc. No. 25 at 8–9.) Plaintiff's

/////

---

[1] This date of mailing would render the objections timely filed under the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 272–73 (1988).

objections provide no basis to question the analysis set forth in the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued on November 1, 2019 (Doc. No. 25) are adopted in full;
2. Plaintiff's second amended complaint is dismissed with prejudice for failure to state a claim; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 13, 2020**__                  /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE